DEPEW GILLEN RATHBUN & MCINTEER LC
8301 E. 21st Street North, Suite 450
Wichita, KS 67206-2936
Telephone: (316) 262-4000
Email: Randy@depewgillen.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHELLE MASON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. |
| ) | |
| HPA US1 LLC; OPVHHJV LLC d/b/a ) | |
| Pathlight Property Management, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

COMES NOW the plaintiff and for her cause of action against the defendants, alleges and states as follows:

1. The plaintiff Michelle Mason is a resident of Johnson County, Kansas and is domiciled there.

2. The defendant HPA US1 LLC ("The Landlord") is a Delaware limited liability company with a principal place of business in Chicago, IL. The Landlord's resident agent is the Corporation Service Company located at 2900 SW Wanamaker Drive, Suite 204, Topeka, KS 66614. The members of the LLC

are all residents of the state of Chicago and are all domiciled therein.

3. The defendant OPVHHJV LLC (doing business as Pathlight Property Management) is a Texas limited liability company with a principal place of business in Plano, Tx. The resident agent of OPVHHJV LLC ("Pathway") is the Corporation Service Company located at 2900 SW Wanamaker Drive, Suite 204, Topeka, KS 66614. The members of the LLC are all residents of the state of Texas and are all domiciled therein.

4. This action involves a dispute between citizens of different states and the amount in controversy is in excess of $75,000. Accordingly, this Court's jurisdiction is invoked under 28 U.S.C. § 1332. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this judicial district.

5. On July 9, 2019, Ms. Mason moved into the Landlord's rental property at 15113 W 156th Ter., Olathe, KS 66062. The property was managed by Pathlight Property Management . The monthly base rent was $2130.

6. Several weeks later, Mason sent her first email to Layton Bogle, who was Pathway's residential service manager for the Midwest. She informed him of standing water in the basement. She received a response that the service order had been opened and they were waiting on a vendor to review and determine the correct repair for the water intrusion. No one ever came out to address this issue.

7. Even though she had been in the property for over a month, on August 20, Mason did a scheduled walk-thru the residence with Chris Wright, who is a field support specialist with Pathlight. They inspected both inside and outside of the residence and she noted everything that was broken or needed attention. Wright took pictures with his IPAD; however, Bogle subsequently claimed he had never received them. Accordingly, nothing was addressed. The delay in the inspection was a violation of the Kansas Residential Landlord Tenant Act.

8. A month later Mason sent a service request to help with a smell originating from the drain in the basement shower that caused the entire house to smell like sewage.

9. On November 13, Mason received an email falsely claiming that the shower and smell had been fixed. The person that Pathlight sent out for service forged her signature stating that it was repaired.

10. In September, 2019, Mason noticed she had abnormal breathing and coughing. By December her breathing had worsened, and she experienced multiple coughing attacks daily. Additionally she began to experience mouth sores, hair loss, heart racing, problems clearing her throat, and increased mucus production and phlegm. During this time, she made two trips to the ER for breathing problems.

11. Several days before Christmas she still had no medical diagnosis. Water was again leaking in the basement from the water heater and there was no hot water. Mason again called in a service request.

12. Three months later, Mason was in the basement and heard water coming from somewhere. She opened the storage room door and water was spraying out of the top of the water heater all over boxes, the floor, walls, and the electrical box. She called in an emergency service request and the defendant sent someone out who made a minor repair to stop the leaking and left without drying out the basement.

13. In April 2020, the respiratory problems continued to worsen so Mason was referred to a pulmonologist with Menorah Pulmonary and Critical Care Consultants.

14. In May, her primary care physician ordered a scan with dye on her lungs. At that point, Mason was experiencing increasing rib pain and difficulty breathing.

15. Likewise in May, her pulmonologist instructed Mason to go to the ER where she ended up in critical care. She spent the first 4 days in critical care, had surgery which included a lung biopsy and cryoablation on her ribs that had broken due to coughing. The following four days were spent in the ICU. She returned to her home after she was released.

16. One week later she again experienced difficulty breathing and tightness in her chest. Her physician again sent her to the ER where the health care providers found that her right lung had collapsed. Her lung was too damaged at that point for surgical repair, so she had to stay in the hospital until it naturally reached full capacity, which ended up being another 13 days.

17. Mason was diagnosed with Chronic Hypersensitive Pneumonitis secondary to mold exposure. Mason was ordered not to return to her home by her physician so she took up residence in an Airbnb.

18. In October, her breathing was still causing her a problem so Mason went to Menorah for a chest x-ray. The x-ray revealed that her right lung had partially collapsed again. Mason went to the KU Medical Center where a pleurodesis was performed due to multiple pneumothorax.

19. Mason's lung capacity has increased and she continues to show improvement. However, she will have some residual disability due to the exposures.

20. Prior to the exposures, Mason was the picture of good health. She was a healthy working mom of three who was full of energy. She worked out 4-5 days a week, and ran 25 miles per week.

21. Defendants violated their implied warranty that the home would be habitable and safe for human occupancy. They were likewise negligent in failing to address the serious water intrusion issues in the home.

22. As a result of the mold exposures Mason has incurred medical bills in excess of $600,000. She has sustained considerable pain and suffering and a life-long disability.

23. As a result of the defendants' wanton conduct, Ms. Mason is entitled to punitive damages to deter the defendant and others from similar conduct in the future.

WHEREFORE, the plaintiff respectfully prays for a judgment in excess of $75,000 for compensatory and punitive damages plus her costs, and any other and further relief as the Court might deem just or equitable.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER LC

/s/Randall K. Rathbun
Randall K. Rathbun #09765
8301 E. 21st St. N., Suite 450
Wichita, KS 67206-2936
Telephone: (316) 262-4000
Fax: (316) 265-3819
Email: randy@depewgillen.com
*Attorneys for Plaintiff*

6

## DESIGNATION OF PLACE OF TRIAL

COMES NOW the plaintiff and designates Kansas City, Kansas, as the place of the trial of this action.

>Respectfully submitted,
>
>DEPEW GILLEN RATHBUN & MCINTEER LC
>
> s/Randall K. Rathbun
>Randall K. Rathbun #09765
>*Attorneys for Plaintiff*

## REQUEST FOR JURY TRIAL

COMES NOW the plaintiff and respectfully requests a trial by jury with regard to the above-captioned action.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER LC

*/s/Randall K. Rathbun*
Randall K. Rathbun #09765
*Attorneys for Plaintiff*